L. REALTY COMPANY v. OLE JOHNSON.[1]

June 17, 1904.

Nos. 13,872—(160).

**Wild Game.**

> The owner of the soil has exclusive dominion over it, and the exclusive privilege of hunting, including the unqualified right to control and protect the wild game thereon.

**Same—Public Highway.**

> In granting an easement across his premises for the purposes of a public highway, the owner does not surrender to the public his right to foster and protect wild game on the land, and the public does not acquire any right to pursue and kill the same while it is temporarily passing to and fro across the highway.

Action in the district court for Ramsey county by L. Realty Company, plaintiff, to restrain defendant from shooting wild fowl upon a public highway running through plaintiff's premises. From an order, O. B. Lewis, J., overruling a general demurrer to the complaint, defendant appealed. Affirmed.

*Samuel Whaley,* for appellant.

*Uri L. Lamprey,* for respondent.

LEWIS, J.

This action was brought to enjoin appellant from shooting wild fowl in their passage over and across a highway on respondent's premises, and the sufficiency of the complaint is called into question by demurrer.

In the case of Lamprey v. Danz, 86 Minn. 317, 90 N. W. 578, the then owner of the premises now under consideration enjoined the killing and pursuit of birds upon the waters and land outside of the highway, and a full description of the premises, improvements, character of the waters and duck passes, will be found in that decision. It was there held that none of the lakes or waters had ever been meandered or surveyed, and all constituted strictly private property. In the case now under consideration it appears from the complaint that the wild ducks passed from one body of water to another upon the premises, and quail

[1] Reported in 100 N. W. 94.

frequently went over the highway, where it was the custom of appellant to go and shoot at and kill such birds while in their course of transit. The demurrer admits that the adjoining premises are private, belonging to respondent, and that the fowl in question had their natural home thereon during the season. The only inquiry is, in what respect is the right of possession and control by respondent over the game on its premises changed by the fact that the public has acquired a right of passage across its land? Did respondent, in granting the easement to the public, part with any rights and privileges concerning the game in question, belonging to it as the owner? Upon the other hand, did the public acquire any rights by virtue of the easement, except those naturally connected with, and incidental to, the right of passage?

The law is well settled in this state that an easement in a public street or highway is the public and common right to use the same for the passage of persons and property, and purposes incidental thereto. Newell v. Minneapolis, L. & M. Ry. Co., 35 Minn. 112, 27 N. W. 839; and Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389, in which it was said that the dedication of a highway by the landowner confers a mere easement for public use as a highway, and the owner retains the right to use the land for any lawful purpose compatible with the full enjoyment of the public easement, and that the public use and private right must stand together. The latter cannot be disregarded by the public authorities, but must be respected in so far as may be compatible with the public right to have a safe, unobstructed, and convenient right of way, and regard must be had to the nature and situation of the property and the circumstances of the case. In Cater v. Northwestern Tel. Exch. Co., 60 Minn. 539, 63 N. W. 111, the court traces the history and development of highways for public uses, and, in holding that the placing of telephone poles along the highway did not impose an additional servitude, based its decision upon the principle that such use of the telephone was for the benefit of the public, providing a new way of communication, and that the landowner must anticipate the natural development and requirements of the public in that respect.

But we may safely assume that the killing of game belonging to the adjacent premises, and found temporarily in the highway, is in no manner connected with or incidental to the public right of passage and transportation. While true that the title to all wild game is in

the state, and the owner of premises whereon it is located has only a qualified property interest therein, yet he has the right to exercise exclusive and absolute dominion over his property, and incidentally the unqualified right to control and protect the wild game thereon. In Lamprey v. Danz, supra, the elementary rule on this subject was stated as follows: "Every person has exclusive dominion over the soil which he absolutely owns; hence such an owner of land has the exclusive right of hunting and fishing on his land, and the waters covering it."

It necessarily follows that, in dedicating the highway in question to the public, respondent reserved to itself all of the other privileges and rights pertaining to the premises, which included the right to foster and protect, for its own use, the wild game thereon, and that such right and privilege were in no manner surrendered to the public in granting the easement. It also follows that the public, including appellant, in accepting the easement thus granted, acquired no right to kill or molest the game inhabiting the property while it was passing to and fro across the highway.

Order affirmed.