W. C. HAMILTON, Plaintiff in Error, v. FRANK WILLIAMS, As Constable of the Tenth Justice of Peace District, Polk County, Defendant in Error.

200 So. 80
En Banc
Opinion Filed January 28, 1941

698

*Manuel M. Glover* and *W. Wallace Shafer,* for Plaintiff in Error;

*Pat Whitaker* and *C. A. Boswell, Jr.,* for Defendant in Error.

ADAMS, J.—The plaintiff in error was charged in a warrant issued by a justice of the peace of Polk County of trespass by "entering upon the enclosed lands of affiant to hunt and fish; said enclosed lands consisting of 1,600 acres comprising one enclosure with notices prohibiting fishing and hunting on said enclosure posted on every side thereof and at intervals not more than every five hundred feet apart, said signboards having thereon two-inch letters easily

seen of black lettering on a white board the following to-wit: 'posted, hunting and fishing prohibited. Clifton Keen, Owner,' without the permission and consent of affiant, owner of said enclosure."

Habeas corpus was sought and granted by the circuit court. Upon return to the writ it appeared that the only question presented for consideration was the legal sufficiency of the warrant and no testimony was taken.

The circuit court remanded petitioner and allowed writ of error to this Court.

The only question presented for this Court to pass on is whether the warrant substantially charged a crime under the law.

"Whoever wilfully and with the view of trespassing enters any enclosure of another, where crops or fruit of any kind are cultivated, without permission of the occupant previously obtained, or, without such previous consent of the owner or occupant, enters upon the enclosed lands of another to hunt or fish, shall be punished . . ." Sec. 7372 (5253) C. G. L. 1927.

Section 7378, C. G. L. 1927, likewise condemns a trespass.

The petitioner contends that the purchase of a hunting license authorized him to enter the enclosure without permission so long as his entry was peaceable and solely for the purpose of hunting of wild game. This is without merit. The license did not vest title to any game. It did not, nor could it, have constituted a grant of property in any land. It was a permit which in no way justified the holder in committing a trespass upon lands made a crime by statute. The Constitution gives to all the right to acquire, possess and protect property without respect to amount. Section 1, Declaration of Rights, Florida Constitution.

It becomes necessary to inquire what rights if any the owner of land has incident to his ownership.

Wild game is vested in the State as trustee for all its citizens with full power and authority in the State to regulate and protect. Harper v. Galloway, 58 Fla. 225, 51 So. 226.

The owner of the soil, however, has a special and qualified interest in the wild game while it is thereon. Such special and qualified interest is a property right incident to his ownership of the soil. That property right is the right to exclusively hunt such wild game upon the soil, subject to any lawful regulation by the State. L. Realty Co. v. Johnson, 92 Minn. 363, 100 N. W. 94; State v. Mallory, 73 Ark. 236, 83 S. W. 955; Schulte v. Warren, 218 Ill. 108, 75 N. E. 783; Lampey v. Danz, 86 Minn. 317, 90 N. W. 578.

While it is true this Court held as contended by petitioner in the case of State v. Bryan, 87 Fla. 56, 99 So. 327: "The power and discretion of the Legislature to control the subject of hunting game is not limited by the organic law, and the subject regulated may be as restricted in the manner and extent as the Legislature deems advisable."

Nevertheless such holding in no sense of the word meant that the Legislature or any citizen could deprive another citizen of a vested property right such as defined above except by due process of law.

Petitioner next claims that Sec. 7373, C. G. L. 1927, limits the land owner to 640 acres to restrain the public from hunting. This is untenable. The Bill of Rights, *supra*, shields the large landowner as secure as the small.

Furthermore, Section 7373 has no necessary relationship to this case. This case was, or could be predicated on Section 7372 which section has no limitation as to acreage.

Petitioner further contends that inasmuch as the warrant

did not allege that the enclosure contained crops or fruit of any kind, it is insufficent. This has no merit. The statute is in the disjunctive. It condemns, first, those who trespass on enclosures where there are crops or fruit. Second, it forbids anyone who without consent enters any enclosure to hunt or fish.

All questions argued by petitioner have been considered and found without merit and the judgment appearing correct, the same is affirmed.

TERRELL, C. J., BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to conclusion.

WHITFIELD and BROWN, J. J., not participating.