Roscoe Lee, George Austin Sanders and Hubert O'Berry were charged with the larceny of one domesticated pet deer. From an order sustaining a motion to quash two counts of the information, the State appeals.
Reversed with directions.
The State of Florida appealed, from an order entered by the Circuit Court of Hernando County, Florida, sustaining a motion to quash two counts of an information charging the appellees with the larceny of "one domesticated pet deer", the property of the "Game and Fresh Water Fish Commission of the State of Florida", and of the value of $90.00. The contention of counsel for appellees, as reflected both by briefs and oral argument heard here, centers about two questions: (1) Is a "domesticated pet deer" property and protected by the laws of Florida like other personal property — may it be the subject of larceny? and (2) May the title and ownership of a "domesticated pet deer" be vested in and owned by the Game and Fresh Water Fish Commission of Florida?
Pertinent allegations of the two counts of the information are viz.:
"J.W. Hunter, State Attorney for the Fifth Judicial Circuit of Florida, in and for Hernando County, under oath, information makes that Roscoe Lee, George Austin Sanders and Hubert O'Berry late of the County of Hernando and State of Florida, on the 3rd day of January in the year of Our Lord One Thousand Nine Hundred and Forty-nine, with force and *Page 663 
arms at and in the County and State aforesaid, did unlawfully take, steal, carry away and convert to their own use one domesticated pet deer, the property of The Game and Fresh Water Commission of the State of Florida, and of the value of ninety dollars.
"Second Count. And the State Attorney aforesaid, upon his oath aforesaid, further Information makes that Roscoe Lee, late of the County of Hernando and State of Florida, on the 3rd day of January, 1949, with force and arms at and in the County and State aforesaid, did unlawfully take, steal, carry away and convert to his own use one domesticated pet deer, the property of The Game and Fresh Water Fish Commission of the State of Florida, and of the value of Ninety Dollars; and that George Austin Sanders and Hubert O'Berry were then and there unlawfully present, aiding, assisting, counseling and procuring him, the said Roscoe Lee, the aforesaid felony to do and commit."
We have held that the ownership of animals ferae naturae or game is in the sovereign for the use and benefit of the people. The killing or taking and use of the game is subject to governmental regulation for the general good. State ex rel. Spencer v. Bryan, 87 Fla. 56, 99 So. 327. The wild animals at large within the border of a sovereign State are owned by the State as distinguished from its proprietary capacity. These wild animals are not subject to private ownership so long as they remain wild and unconfined, but such animals become property when removed from their natural liberty and made the subject of man's dominion. It will be observed that animals ferae naturae become property, and entitled to protection as such, when the owner has them in his actual possession, custody or control and usually this is accomplished by taming, domesticating or confining them. 3 C.J.S.; Animals, § 6, page 1088. Each count of the information charges the larceny of a "domesticated pet deer" and is therefore legally sufficient. 2 Am.Jur. 698.
Wharton's Criminal Law, Vol. 2, 11th ed., par. 1106, states the rule viz.:
"Sec. 1106 — Otherwise as to Animals Reclaimed Or Confined So as to be Subject to Domestic Use. — But when an animal is reclaimed or confined, and may serve for food, it is otherwise; for of deer or rabbits so inclosed in a park or field, that they may be taken at pleasure, otter in a trap, fish in a trunk or net, and pheasants or partridges in a mew, larceny may be committed, and so of young pheasants or partridges reared by a hen, and thus reclaimed. Swans, it is said, if lawfully marked, are the subject of larceny at common law, although at large in a public river; or whether marked or not, if they be in a private river or pond; and doves and pigeons are also the subject of larceny, when placed in the care and custody of their owners; and so of tame turkeys; peahens; tame mocking birds; and bees in hives, and their honey, though it is for the jury to say whether animals ferae naturae are tamed, so as to be the subjects of larceny. But all valuable domestic animals, as horses, and all animals domitae naturae, which serve for food, as swine, sheep, poultry, and the product of any of them, as eggs, milk from the cow while at pasture; and wool pulled from the sheep's back feloniously; may be the subjects of larceny".
Bishop's New Criminal Law, Vol. 2, pages 449-450, states the rule viz.:
"Sec. 771. 1. Wild Animals. — From the doctrine of value, it further results that at common law there can be no larceny of animals wild, ferae naturae, and unreclaimed. When reclaimed, they become the subjects of this offence; provided they are fit for food, not otherwise. But —
"2. Honey-bees. — Reclaimed honey-bees are an exception; because, though not themselves fit for food, their honey is, and no property in them separate from the soil.
"3. Hawks. — when tamed, have received the distinction of being subjects of larceny though not eaten by man, on account `of their noble and generous nature and courage, serving ob vitae solatium of princes and of noble and generous persons to make them fitter for great employments,' — a reason better appreciated by the ancient gentry of England than by our poultry-raising *Page 664 
farmers. Hawkins mentions, as the ground of this exception, the `very high value which was formerly set upon that bird'.
"Sec. 772. Hide of Wild Animal. — When an animal whereof there can be no larceny is killed, and labor is expended on it or its hide, the labor pretty clearly renders the product a subject for this offence.
"Sec. 773. 1. Reclaimed and Fit for Food — (Enumerated — Fish). — Of animals of which, within the foregoing rules, larceny may be committed when they are reclaimed are pigeons and doves, hares, conies, deer, swans, mocking-birds, wild boars, cranes, pheasants, and partridges; to which may be added fish suitable for food, including undoubtedly oysters."
The next contention is that the Game and Fresh Water Fish Commission of Florida is not authorized by law to own and possess a "domesticated pet deer". This department of our State government was established by the people of Florida at the general election of 1942. It has since been implemented by statutory enactments. This constitutional provision created a Commission consisting of five members and conferred on them certain grants of power incident and necessary to the "management, restoration, conservation and regulation" of birds, game, fur bearing animals and fresh water fish of the State of Florida. It has the power of restoring in behalf of the public interest game and fresh water fish and to purchase beyond the territorial boundaries of Florida birds, game, fish, etc., for propagating purposes. It follows as a matter of course that the same must be transported from other States into Florida and the dominion and confinement thereof are incidental. Subsection 4 of Section 30 of Article 4 of the Florida Constitution, F.S.A., in part provides: "The Commission shall also have the power to acquire by purchase, gift, all property necessary, useful or convenient for the use of the Commission in the exercise of its powers."
The acquisition by the Commission of male and female deer in other sections of the Country for propogating purposes in the State of Florida is clearly authorized by this constitutional provision. If the property so acquired by the Commission cannot be protected under our laws, in behalf of the public interest, then this provision and implementing enactments are rendered meaningless and of little value. The ninety dollar valuation of the deer, as alleged, is for the purpose of assessing punishment in the event of conviction.
The judgment is reversed with directions to overrule the challenged order.
ADAMS, C.J., TERRELL and CHAPMAN, JJ., and TAYLOR, Associate Justice, concur.