Charles D. **BUNTON**, Individually, and as a class for all those similarly situated, Plaintiff,

v.

**FIRST NATIONAL BANK OF TAMPA, a national banking corporation, et al.,** Defendants.

No. 73–350 Civ. T–K.

United States District Court,
M. D. Florida,
Tampa Division.

April 18, 1975.

Andrew J. Mirabole, Dennis G. Diecidue, Tampa, Fla., for plaintiff.

John P. Ingle, III, Asst. Atty. Gen., Dept. of Legal Affairs, Civ. Div., Tallahassee, Fla., for defendants.

Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for 1st National.

Fowler, White, Gillen, Boggs, Villereal of Banker, P.A., Tampa, Fla., for First Fed.

Cason, McWhirter, Henderson & Stokes, Tampa, Fla., for Taylor.

Before RONEY, Circuit Judge, and KRENTZMAN and HODGES, District Judges.

## ORDER

KRENTZMAN, District Judge.

This is a civil rights action brought by the plaintiff pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3) to declare unconstitutional the Florida statutory pre-judgment garnishment procedure as set out in Fla.Stat.Ann. §§ 77.031, 77.04, and 77.06 et seq. Plaintiff alleges that the Florida pre-judgment garnishment provisions violate the Due Process Clause of the Fourteenth Amendment because the procedure effectively deprived the plaintiff of his property, specifically a bank account, without prior notice or an opportunity for a prior hearing.

The complaint initially sought to enjoin the defendants from enforcing these provisions, and a three-judge court was convened in accordance with 28 U.S.C. § 2281. Subsequently, the plaintiff's claims for injunctive relief were rendered moot, and pursuant to the orders of the three-judge court entered December 11, 1974, and February 21, 1975, the case was remanded to this court for all further proceedings. The case is now before the court upon the plaintiff's motion for summary judgment.

The basic facts in this action are not in dispute. On April 6, 1973, the defendant, First National Bank of Tampa, (First National) filed a complaint in the Circuit Court of Hillsborough County, Florida, Case No. 73–3123, demand-

ing judgment against Charles D. Bunton for an alleged debt of $3,678.51. On April 9, 1973, pursuant to Fla.Stat.Ann. § 77.031, First National filed a motion in the state court for garnishment before judgment. The motion for writ of garnishment was filed by the attorney of record for First National and refers to the pending proceeding in the state court.

Under Section 77.031 the motion need not be verified, nor supported by affidavit. The motion recited the alleged debt owed to First National, stated that the debt was just, due and unpaid, and that the writ of garnishment was not sought to injure Charles Bunton, or the garnishee First Federal Savings and Loan Association of Tampa (First Federal).

It does not appear from the file whether a bond had been executed as required by Fla.Stat.Ann. § 77.031(2), however, this issue is not in dispute, and, as a matter of record, the Court has been informed that the required bond was approved and executed by First National in the state proceeding.

Thereafter on the same date, April 9, 1973, a deputy clerk of the defendant James F. Taylor, Jr., issued the writ of garnishment which was served upon the garnishee, First Federal, on April 10, 1973. At the time of service the garnishee had in its possession bank accounts of Charles D. Bunton in the amount of $62,868.93. Bunton was denied the use of these monies until April 25, 1973, at which time First National and First Federal entered into a stipulation whereby all but $5,000 of the bank accounts would be released to Bunton. Final Judgment was entered in the state court in favor of First National and against Bunton on November 2, 1973, and on November 27, 1973 a judgment on the garnishment was entered against First Federal as garnishee. The funds held pursuant to the garnishment were utilized to satisfy the judgment against Bunton. The decisions of the state court have not been appealed.

Bunton filed this federal Civil Rights complaint July 23, 1973 seeking declaratory and injunctive relief. His motion for stay of the state proceedings was denied on July 27, 1973. Bunton's motion for temporary restraining order was denied on October 19, 1973. A second motion for temporary restraining order was denied on November 26, 1973. Thereafter a hearing was held before the three-judge court on January 23, 1973, and the matter was taken under advisement. Subsequently, the parties were directed to file additional memoranda in light of the Supreme Court's decision in Mitchell v. W. T. Grant, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). By order entered December 11, 1974, Bunton's motion to proceed as a class was denied. In light of the mootness of the claim for injunctive relief, the three-judge court was dissolved, and the case was remanded to this court for all further proceedings. On December 23, 1974 Bunton filed a motion for rehearing or clarification, and on February 21, 1975, the three-judge court entered its order again remanding the case to this court for final disposition. Bunton then filed this motion for summary judgment.

In response to this motion defendant First Federal filed a memorandum in opposition to the motion for summary judgment restating its past position that the Florida prejudgment garnishment procedure is constitutional under the Supreme Court's decisions in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Mitchell v. W. T. Grant, supra.

In its reply defendant First National filed a memorandum to the court on March 27, 1975, stating that in light of the Supreme Court's recent decision in North Georgia Finishing, Inc. v. Di-

Chem, Inc., recorded at 419 U.S. 60, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), which declared the Georgia pre-judgment garnishment procedure unconstitutional, it does not oppose the motion for summary judgment.

This Court is of the opinion that the Supreme Court's decision in *North Georgia Finishing, Inc., supra,* declaring the Georgia pre-judgment garnishment procedure unconstitutional compels the same conclusion here.

In North Georgia Finishing, Inc. v. Di-Chem, Inc., *supra,* the Supreme Court, reversing the Georgia Supreme Court, declared the Georgia pre-judgment garnishment procedure which deprived a debtor of his property without prior notice and an opportunity to be heard invalid under the Due Process Clause of the Fourteenth Amendment. The Georgia procedure permitted a clerk of the court to issue a writ of garnishment before judgment based upon the affidavit of the plaintiff or his attorney. The procedure provided that the writ was issued without notice to the debtor, and without an opportunity for a hearing to challenge the issuance of the writ.

The Florida procedure similarly does not provide for notice to the debtor. The writ of garnishment may be issued on the unsworn motion of the plaintiff or his attorney. The procedure does not give the debtor a prior opportunity to challenge the issuance of the writ. The Court observes that Fla.Stat.Ann. § 77.07 does provide for a prompt hearing in which the defendant may challenge the issuance of the writ. The Florida procedure is in this regard distinguishable from the Georgia procedure in that the defendant may move to dissolve the writ without the posting of any security. However, the Supreme Court in

*North Georgia Finishing, Inc.* stated at 66, 95 S.Ct. at 722:

> That the debtor was deprived of only the use and possession of the property, and perhaps only temporarily, did not put the seizure beyond scrutiny of the Due Process Clause. "The Fourteenth Amendment draws no bright lines around three-day, 10-day, or 50-day deprivations of property. Any significant taking of property by the State is within the purview of the Due Process Clause." (Fuentes v. Shevin) 407 U.S. at 86, 92 S.Ct. at 1997.

In a similar case the Florida post-judgment garnishment procedures (Fla.Stat. Ann. §§ 77.01, 77.03, and 222.12) were declared unconstitutional for failure to provide notice and a prior opportunity to contest the propriety of the garnishment. Brown v. Liberty Loan Corporation of Duval, 392 F.Supp. 1023 (M.D. Fla.1974).

Under these circumstances, and in view of the Supreme Court's decision in *North Georgia Finishing, Inc., supra,* the Court is of the opinion that the garnishment of the plaintiff's bank accounts before judgment, and without prior notice and an opportunity to be heard was violative of the Due Process Clause of the Fourteenth Amendment. Accordingly, it is

Ordered:

1. The plaintiff's motion for summary judgment should be, and it is hereby, granted.

2. The plaintiff shall have twenty (20) days in which to file his proof of damages. Upon receipt thereof the Court will enter a final summary in favor of the plaintiff Charles D. Bunton, and a declaratory judgment consistent with this order.