McNULTY, Chief Judge.
Appellant John Shannon, as garnishee, brings this interlocutory appeal from a denial of his motion to set aside a judgment in garnishment. We find merit to his contention and reverse.
Appellee Great Southern Equipment Company filed an original complaint against one Shelfer, allegedly a creditor of appellant Shannon. Great Southern’s claim against Shelfer was an in personam claim based on an equipment purchase contract and on a certain account for work and labor performed. At the same time Great Southern moved for pre-judgment garnishment against Shannon, pursuant to § 77.031 et seq., F.S.1973, seeking to attach Shannon’s aforementioned debt to Shelfer. Personal service against Shelfer was unsuccessful so Great Southern perfected constructive process against him pursuant to § 49.011, F.S.1973. Personal service of the writ of garnishment, however, was perfected as against Shannon. Neither Shelfer nor Shannon responded, as a consequence of which defaults were entered against each of them. A final judgment subsequently issued “against the property of the defendant, MILTON B. SHELFER, in the hands of the garnishee, JOHN SHANNON, to the extent of [the amount of the claim], together with costs , for which let execution issue.” The final judgment then expressly provided that Great Southern also have and recover a judgment personally against Shannon in the aforementioned amounts. Shannon contends this judgment is void and we agree.
At the outset, Shannon contends that the Florida pre-judgment garnishment statute is unconstitutional.[1] We need not now answer this question, however, because even assuming its validity the judgment against Shannon is void.
First of all, § 77.081, F.S.1973, provides that:
“No final judgment against [the] garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant with interest and costs.”
This necessarily implies, of course, that the judgment against the original defendant be a valid one. Here it was not for the reasons following.
As noted, the original action against Shelfer sounded in personam. If such an action is to be prosecuted against one on whom personal service cannot be effected it must be brought “quasi in rem" and directed against property (which may include a debt owed) belonging to the defendant found in this state.[2] As to this, we recently held in Griffin v. Zinn[3] that *21 whether or not such quasi in rem proceeding is also preceded by collateral process such as attachment or, as here, garnishment, it is essential that the complaint expressly provide that the action is directed against the property per se, not the defendant, and that the property so proceeded against be specifically described. That was not done here, and the omission is a fatal due process defect.
We conclude, therefore, that no valid judgment can be or was entered against Shelfer, the original defendant, so no valid judgment in garnishment against Shannon can be predicated thereon.
In view whereof, the order denying the motion to set aside the judgment in garnishment should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, J., and STOKES, ROBERT G., Associate Judge, concur.

. See Bunton v. First National Bank of Tampa, 394 F.Supp. 793 (M.D.Fla.1975).

. See Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877).

. (Fla.App.2d, 1975), 318 So.2d 151.