346 So.2d 1029 (1977)
RAY LEIN CONSTRUCTION, INC., Plaintiff,
v.
Jack M. WAINWRIGHT, Individually, and Wainwright Plumbing, Inc., a Dissolved Florida Corporation, Defendants,
First Federal Savings & Loan Association of Fort Pierce and Frank Harris As Receiver, Garnishees.
No. 50153.
Supreme Court of Florida.
May 26, 1977.
*1030 Edgar A. Brown, of Bryan, Koblegard & Brown, Fort Pierce, for plaintiff.
Michael Jeffries, of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for defendants.
HATCHETT, Justice.
We have for review an interlocutory order of the Circuit Court in and for St. Lucie County, which directly passes on the constitutional validity of Florida's prejudgment garnishment statutes.[1] Since the order of the Circuit Court would be directly *1031 appealable to this court upon final judgment or decree, we may properly exercise certiorari jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.[2]
On May 13, 1976, petitioner, Ray Lein Construction, Inc., filed a complaint against the respondents, claiming moneys due and owing. On June 29, 1976, upon motion by petitioner, the Clerk of the Circuit Court issued a writ of garnishment against First Federal Savings & Loan Association of Fort Pierce et al., garnisheeing the proceeds of a judgment obtained by the respondents against First Federal. On July 1, 1976, respondents filed a motion to dissolve the writ on the ground that the statutory provisions under which it was issued are unconstitutional, in that they provide for a prejudgment garnishment procedure, which deprives the debtor of his property without prior notice or hearing. The court entered an order denying defendant's motion and specifically upheld the validity of the challenged statutes. We disagree. In light of recent judicial treatment of similar prejudgment procedures, we hold that Sections 77.031, 77.04, 77.06, and 77.07, Florida Statutes (1975), insofar as they pertain to prejudgment garnishment, are unconstitutional.
Garnishment is but one form of summary remedy historically available to the creditor. It is a method whereby a person's property, money, or credits in the possession, under the control, or owing by another are applied to payment of the former's debt to a third person by proper statutory process against the debtor and garnishee. Because this remedy works a deprivation of debtor's property, it must comply with the requirements of procedural due process.
For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right, they must first be notified." Baldwin v. Hale, 1 Wall. 223, 233, 17 L.Ed. 531. Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).
The United States District Court for the Middle District of Florida recently reviewed the statutes in question and held the procedure, as outlined in Chapter 77, Florida Statutes, unconstitutional. See Bunton v. First National Bank of Tampa, 394 F. Supp. 793 (M.D.Fla. 1975). In arriving at its decision, the District Court relied upon the Supreme Court's decision in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), wherein a similar Georgia prejudgment garnishment statute was declared unconstitutional. In North Georgia Finishing, the Court referred to its earlier decision in Fuentes v. Shevin, supra, wherein the Florida and Pennsylvania replevin statutes were held invalid. Those statutes permitted a secured installment seller to repossess goods sold without prior notice and without opportunity for a hearing or other safeguard against mistaken repossession. A writ was issuable by a clerk of the court upon ex *1032 parte application and posting of bond. It was not necessary to show that the goods were wrongfully detained. Nor was provision made for prompt post-seizure hearing. Thus, the debtor was deprived of his property until final outcome of the repossession suit. The Georgia statute was condemned on similar grounds. A writ of garnishment was issuable at the behest of the seller, without notice or opportunity for early hearing and without participation by a judicial officer. As in Fuentes, debtor's only remedy was to post a security bond.
Respondents argue that Florida's statutory procedure for prejudgment garnishment is equally defective. It allows a writ to issue by a clerk of the court, without judicial supervision, upon the conclusory allegations of the applicant, without prior notice or opportunity to be heard.
Petitioner argues that prior notice and hearing are not necessary where the statutes provide sufficient constitutional safeguards to the debtor. In Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), decided two years after Fuentes, the Supreme Court upheld a Louisiana sequestration statute which permitted the seller-creditor, holding a vendor's lien, to secure a writ of sequestration to forestall waste or alienation of the encumbered property. The writ could issue on ex parte application, without notice or hearing. The court ruled that the statute provided sufficient constitutional safeguards to protect the debtor, while affording the creditor a quick and effective remedy. The writ was issuable by a judge upon the filing of an affidavit, clearly stating the facts entitling the debtor to sequestration. The statute expressly entitled the debtor to an immediate hearing after seizure and to dissolution of the writ absent proof by the creditor. Petitioner argues that the Florida garnishment statute, like that of Louisiana, provides sufficient constitutional safeguards and points specifically to Section 77.07(2), Florida Statutes, which provides for an immediate post-garnishment hearing before a judge. In addition, debtor is provided an opportunity to free his assets by posting adequate security. See Section 77.24, Florida Statutes (1975).
We agree with the petitioner that prior notice and hearing are not required in order to satisfy the demands of due process. Otherwise, the remedy of the statute is likely to be defeated. Unique Caterers, Inc. v. Rudy's Farm Co., 338 So.2d 1067 (Fla. 1976). However, under the standards set by the United States Supreme Court, the statutes are constitutionally deficient in the following respects:
1. Section 77.031, Florida Statutes (1975), allows a writ to issue without judicial supervision.
2. The writ may issue on an unsworn complaint by a plaintiff, his agent, or attorney and the applicant need allege no facts entitling the plaintiff to garnishment.
3. The statute does not require an immediate post-seizure hearing; it simply keeps the court open at any time to hear dissolution motions. In Phillips v. Guin & Hunt, Inc., Fla., 344 So.2d 568, opinion filed March 31, 1977, we stated:
We read North Georgia Finishing, supra, and Mitchell, supra, to require a hearing either before the alleged taking or promptly thereafter. In Unique Caterers v. Rudy's Farm Co., supra, we found Chapter 76 constitutionally deficient because it did not require an immediate post-seizure hearing. Rather, it simply kept the court open at any time to hear motions for dissolution... .
We also stated:
[I]t is constitutionally imperative that a writ issue only after an impartial factual determination is made concerning the existence of the essential elements necessary for issuance of the writ. Consequently, a writ must be issued by a judicial officer based upon a prima facie showing rather than pro forma by the clerk of court, unless the initial pleading is made under oath to a clerk who makes an independent factual determination that the requirements of the statute have been complied with. Only then can the individual have his use and enjoyment of *1033 property protected from arbitrary encroachment. (footnote omitted)
For the reasons stated herein, the order of the Circuit Court is reversed. Sections 77.031, 77.04, 77.06, and 77.07, Florida Statutes (1975), insofar as they pertain to prejudgment garnishment, are declared unconstitutional and the writ of garnishment dissolved. The cause is remanded to the Nineteenth Judicial Circuit Court for proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] 77.031 Garnishment before judgment; procurement. 

(1) Before judgment has been obtained by plaintiff against defendant, no writ of garnishment shall issue until plaintiff, his agent or attorney, files in the court where the action is pending, a motion (which shall not be verified or negative defendant's exemptions) stating that the debt for which plaintiff sues is just, due and unpaid, that the garnishment is not sued out to injure either defendant or garnishee, and that movant does not believe that defendant will have in his possession after execution is issued, visible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy plaintiff's claim.
(2) Except when plaintiff has had an attachment, no writ of garnishment before judgment shall issue until the person applying for it, his agent or attorney, gives a bond with surety to be approved by the clerk payable to defendant in at least double the debt demanded conditioned to pay all costs and damages which defendant sustains in consequence of plaintiff's improperly suing out the writ of garnishment.
(3) Any bond in garnishment is not void as against the obligors, nor shall they be discharged therefrom on account of any informality in it, although the garnishment is dissolved because of the informality.
77.04 Writ; form.  The writ shall require the garnishee to serve an answer to it on plaintiff within 20 days after service stating whether he is indebted to defendant at the time of the answer, or was indebted at the time of service of the writ, or at any time between such times; and in what sum and what tangible or intangible personal property of defendant he has in his possession or control at the time of his answer, or had at the time of the service of the writ, or at any time between such times; and whether he knows of any other person indebted to defendant, or who may have any of the property of defendant in his possession or control. The writ shall state the amount named in plaintiff's motion.
77.06 Writ; effect. 
(1) Service of the writ shall make garnishee liable for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer.
(2) A bank or other financial institution authorized to accept deposits, upon being served with a writ of garnishment, shall report in its answer and retain, subject to the provisions of s. 77.19 and subject to disposition as provided in this chapter, any deposit, account or tangible or intangible personal property in the possession or control of such garnishee, if the deposit or ownership records of such bank or other financial institution relating to such deposit or property reflect that any defendant named in the writ has or appears to have an ownership interest therein, whether solely or with another or others not named in the writ; but the answer shall state the name or names and address if known to the garnishee of the defendant and any such other or others having or appearing to have an ownership interest therein as shown on said records, and the plaintiff shall, within 5 days of the service of the answer on him, serve by delivery or by mail on the defendant and each such other person notice of the writ and the garnishee's answer and shall file in the proceeding a certificate of such service at the address of the defendant as shown on the records of the bank.
(3) In any case where a garnishee in good faith is in doubt as to whether any indebtedness or property is required by law to be included in the garnishee's answer or retained by it, the garnishee may include and retain the same, subject to the provisions of s. 77.19 and subject to disposition as provided in this chapter, and in such case the garnishee shall not be liable for so doing to the defendant or to any other person claiming the same or any interest therein or claiming to have sustained damage on account thereof.
(4) Service of a writ on a garnishee shall render him liable as provided in this chapter in any fiduciary or representative capacity held by him if the fiduciary or representative capacity is specified in the writ.
77.07 Writ; dissolution. 
(1) The court to which a garnishment is returnable shall always be open for hearing motions to dissolve the garnishment.
(2) On motion by defendant served within 20 days after service of the writ stating that any allegation in plaintiff's motion for the writ is untrue, this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved.
(3) If the motion denies the debt demanded before judgment, the judge may require pleadings on motion of either party on the debt demanded to be filed in such time as he fixes.
(4) The issue, if any, raised by the pleadings shall be tried at the same time as the issue, if any, made by defendant's motion to plaintiff's motion.
[2] Upon entering its order below, the Circuit Court certified the following question to the Fourth District Court of Appeal who, in turn, transferred it here:

Are the provisions of §§ 77.031, 77.04 and 77.06, FLA. STAT., which provide for garnishment of monies owed the Plaintiff before judgment and without prior notice and an opportunity to be heard, violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution?