PER CURIAM.
This is an appeal from an order dissolving writs of garnishment. We affirm.
Appellant obtained a final judgment against C & S Plumbing, Inc., in the sum of $34,929.35 and subsequently filed three motions for post-judgment writs of garnishment wherein it alleged that C & S Plumbing, Inc. was doing business as C & S Plumbing of Florida, Inc. The writs issued thereon required the named garnishee to file an answer “stating whether said Garnishee is indebted to the Defendant, C & S Plumbing, Inc., a/k/a C & S Plumbing of Florida, Inc.”
C & S Plumbing of Florida, Inc. filed a motion for intervention and an unsworn pleading entitled “motion denying writ of garnishment and seeking dissolution of the writ of garnishment.” In the letter motion C & S Plumbing of Florida claimed to be a separate corporation from the original defendant, C & S Plumbing, Inc., and on that basis sought dissolution of the writs as they applied to the debtors of C & S Plumbing of Florida, Inc. The trial court granted both motions of C & S Plumbing of Florida, Inc., and dissolved the writs in question based on the court’s conclusion that they were prejudgment garnishments.
Appellant contends that Section 77.16(1), Florida Statutes (1979) requires of C & S Plumbing of Florida, Inc. to file an affidavit or sworn pleading claiming that any of the subject debts were due it and not due C & S Plumbing, Inc. in order for the trial court even to consider dissolution of the writ on that basis. The statute provides:
If any person other than defendant claims that the debt due by a garnishee is due to him and not to defendant, or that the property in the hands or possession of any garnishee is his property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless' a jury is waived. (Emphasis added.)
However, the abovementioned statute is not applicable here for two reasons. First, the writs named C & S Plumbing of Florida, Inc. as the defendant. Therefore,' C & S Plumbing of Florida, Inc. cannot be a person other than the defendant. Second, in light of several cases decided since the enactment of Section 77.16(1) which have held prejudgment garnishment statutes unconstitutional,[1] we believe the aforementioned statute must be given a narrow construction. It does not apply to a situation where the trial court expressly orders garnishment of debts due to an entity named in the writ *507 which is not even a party to the lawsuit.[2] We believe that all this non-party entity need do to initiate dissolution of the writ against it is to alert the court by motion of the impropriety of the writ because of the independent identity of the entity.
In this case appellant had the burden to show at an evidentiary hearing on its motions for writs of garnishment that C & S Plumbing, Inc., was doing business as C & S Plumbing of Florida, Inc. Its unsworn motions for writs of garnishment and the issuance thereof ex parte were insufficient; and the trial court was correct in dissolving the writs once it was notified of its error by appellee. Accordingly, we affirm.
AFFIRMED.
BERANEK, HERSEY and GLICK-STEIN, JJ., concur.

. See e. g. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Ray Lein Construction, Inc. v. Wainwright, 346 So.2d 1029 (Fla. 1977).

. The statute at issue undoubtedly contemplates a situation where the writ provides for the garnishment of a judgment debtor’s property and a third unrelated entity also has an interest in that property. In that event, the unrelated entity would have to file an affidavit pursuant to the statute. Since Section 77.16(1) is not at issue, we express no opinion as to its constitutionality.