GRIMES, Acting Chief Judge.
Appellant Matthews seeks review of an order dissolving a prejudgment writ of garnishment.
Matthews filed a complaint seeking equitable contribution from appellee Wood for Wood’s share of a joint obligation that Matthews had been compelled to discharge. On April 19, 1985, Matthews obtained the issuance of a prejudgment writ of garnishment directed to appellee Lawrence. On April 26, 1985, Wood filed a motion for dissolution of that writ of garnishment. Thereafter, Lawrence filed an answer to the prejudgment writ asserting that he was in doubt as to whether he held any property belonging to Wood.
A hearing on the motion to dissolve the writ was held on May 6, 1985. Matthews testified that in 1980 he and Wood decided to go into the seafood processing business together. They agreed that Matthews would furnish the financing, the plant facility, and legal counsel for the business and Wood would furnish the customers’ orders, production knowledge, and plant management. They then formed a corporation known as Day Crest Foods, Inc., to operate the business. Matthews furnished some money for the business but later arranged for Day Crest to obtain a $27,057.90 loan from Citrus Park Bank. Matthews and Wood together with Art Perry executed a guaranty agreement under which they guaranteed payment of the note. When Day Crest could not pay the note at the time it matured, Matthews caused Perry to purchase the note from the bank. Matthews testified that he later reimbursed Perry over a period of time through cash payments and the performance of legal services, though he did not produce the promissory note at the hearing.
Wood contended that he did not owe Matthews any money because they had agreed that Matthews would furnish all financing for the business. He said that Lawrence, as his attorney, was holding money that he and his wife had obtained in a settlement of claims for injuries suffered by Wood in an automobile accident. Wood testified that he and his wife had never agreed upon an allocation of settlement proceeds and that he had intended to deposit the settlement funds in their joint bank account.
Lawrence confirmed that he had received a check for the settlement proceeds made payable jointly to him and to Mr. and Mrs. Wood. He said he intended to disburse the money owing to the Woods by a check payable jointly to both of them. Thereafter, the court entered its order dissolving the prejudgment writ of garnishment.
*474 On appeal, Matthews does not so much question the court’s resolution of the matter upon the evidence presented as he does the court’s decision to permit such an extensive hearing in the first place. In essence, he contends that once he testified that he and Wood were co-guarantors of the promissory note which he later paid in full, he had met the burden of sustaining the prejudgment writ. He argues that the court should have deferred consideration of Wood’s defenses and any question over the bona fides of his arrangement with Perry until the trial on the merits.
In order to properly decide this case, we should first consider the history of Florida’s prejudgment garnishment law. The former law permitted the creditor to obtain a prejudgment writ of garnishment from the clerk upon an unverified application. § 77.031, Fla.Stat. (1971). There was a strong indication that this law might not pass constitutional muster when the United States Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), declared invalid Florida’s replev-in statute, which was patterned along similar lines. Thereafter, in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Court declared invalid Georgia’s prejudgment garnishment law, which was written much like the existing Florida law on the subject.
In the meantime, however, the Supreme Court in Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), upheld a Louisiana statute which authorized a prejudgment writ of sequestration of personal property without notice to the owner upon the application of an installment seller asserting a vendor’s lien on the property. The Court sustained the ex parte aspects of the statute because it required a judicial issuance of the writ upon a sworn application and provided that the debtor could obtain an immediate dissolution of the writ unless the creditor proved the grounds upon which the writ was issued. In rejecting the contention that there must be a final judicial determination of the seller’s entitlement before the buyer could be even temporarily deprived of possession, the Court reasoned that the seller need only establish the probability that his case would succeed. The Court also pointed out that in most cases the proving of the lien and the unpaid debt would not be complicated.
Against this backdrop of authority, our supreme court in 1977 declared Florida’s prejudgment garnishment law unconstitutional. Ray Lein Construction, Inc. v. Wainwright, 346 So.2d 1029 (Fla.1977). Relying upon Mitchell, the court agreed that notice and hearing prior to issuance of the writ were not required. However, the court held that the law failed to satisfy the demands of due process in three particulars: (1) the writ could be issued without judicial supervision; (2) the writ could be issued upon an unsworn complaint in which no facts were required to be alleged; and (3) the law did not require an immediate postseizure hearing.
In response to this decision, the legislature revised the prejudgment garnishment law in 1983. With respect to the provision for dissolution of the writ, section 77.07(1) now provides:
The defendant, by motion, may obtain the dissolution of a writ of garnishment, unless the petitioner proves the grounds upon which the writ was issued and unless, in the case of a prejudgment writ, there is a reasonable probability that the final judgment in the underlying action will be rendered in his favor. The court shall set down such motion for an immediate hearing. If the writ is dissolved, the action then shall proceed as if no writ had been issued.
In passing upon a similar provision contained in the new replevin statute, the supreme court explained that the postseizure hearing must be held only if the debtor requests' it. Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla.1978).
Matthews seems to equate this proceeding to a preliminary hearing in a criminal case in which the state carries only the burden of demonstrating probable *475 cause. See State ex rel. Hardy v. Blount, 261 So.2d 172 (Fla.1972). Thus, he argues that the motion to dissolve must be denied once the creditor makes a prima facie case irrespective of conflicts of testimony or the existence of an affirmative defense. We do not believe that such a limited hearing would withstand constitutional scrutiny. Moreover, the statute provides that the creditor must “prove” the grounds upon which the writ was issued and that the writ should be dissolved unless there is “a reasonable probability that the final judgment” would be rendered in his favor. A lack of credibility on the part of the creditor or the appearance of a valid affirmative defense may affect the determination of whether or not the creditor will probably win. Therefore, the trial judge who is charged with predicting the outcome of the case must be given broad latitude in setting the limits for the conduct of the hearing.
In the instant case, the court did not abuse its discretion by permitting the parties to testify at length concerning the pertinent issues. Since substantial questions were raised, not only as to whether Matthews could obtain a judgment against Wood but also with respect to whether Wood’s wife had a joint interest in the money held by Lawrence, we cannot say that the court erred in dissolving the prejudgment writ of garnishment.
Affirmed.
CAMPBELL and LEHAN, JJ., concur.