587 So.2d 1391 (1991)
The STATE of Florida, Petitioner,
v.
John M. BUTLER, Respondent.
No. 91-703.
District Court of Appeal of Florida, Third District.
October 29, 1991.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for petitioner.
John M. Butler, in pro. per.
Before FERGUSON, COPE and GERSTEN, JJ.
FERGUSON, Judge.
Florida Game and Fresh Water Fish Commission officers visited the unemployed *1392 respondent's mobile home to investigate circumstances surrounding his acquisition of two alligators and request for a permit to possess them as pets. When the officers arrived they found both alligators in the respondent's bed. Respondent was bleeding from an injury caused by one of the animals. The officers photographed the scene, concluded that the respondent's home lacked proper facilities for the animals, cited the respondent for violations of Florida Administrative Code provisions which regulate the possession of wildlife,[1] and seized the two alligators. It was learned in the course of the investigation that one animal was taken from the wild and the other was purchased.
At the initial hearing, where there was no appearance by the State, the county court dismissed the charges for lack of prosecution. The court then granted the respondent's motion for return of the alligators. On rehearing, a county court judge set aside the order granting the return of the property. He ruled that the respondent had no right to possess the alligators without a state-issued permit.
An appeal to the circuit court resulted in a reversal of the county court order. As grounds for its holding, the circuit court reasoned:
The alligators were seized and kept without providing Mr. Butler a due process hearing, in violation of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 9 of the Florida Constitution.
We quash the opinion of the circuit court as a clear departure from the essential requirements of law, and reinstate the order of the county court.
An essential element of a claim that the due process clause has been violated is a showing that the complaining party has been deprived of a constitutionally protected interest; absent such a right or interest, and a deprivation, there can be no denial of due process.[2]Economic Dev. Corp. v. Stierheim, 782 F.2d 952 (11th Cir.1986). Whether there is a property interest in wildlife is a matter of state law. See Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).
It is a long-standing common-law principle that title to wildlife is vested in the State, as trustee for all citizens, and that the State has both the authority and the right to regulate and protect wildlife resources. Alford v. Finch, 155 So.2d 790 (Fla. 1963); State v. Lee, 41 So.2d 662 (Fla. 1949); Hamilton v. Williams, 145 Fla. 697, 200 So. 80 (1941). It is also codified that, "all wild animal life within the jurisdiction of the State of Florida is the property of the State." Fla. Admin. Code Rule 39-1.002.
*1393 Florida's Constitution vests responsibility in the Game and Fresh Water Fish Commission to regulate wildlife resources. Art. IV, § 9, Fla. Const. Within the scope of its constitutional and statutory authority, the Commission defines the conditions under which state wildlife may be possessed as lawful private property. The American alligator is designated as a wildlife species of special concern which may not be held for sale without a state license, or possessed without a permit issued under the authority of the Commission. Fla. Admin. Code Rule 39-27.005(19).
In this case there was no dispute that the respondent did not have the required license and permit and there was no challenge to the administrative requirements for the issuance of a permit. For purposes of this appeal, we must presume that Butler's possession of the alligators was unlawful.[3] Bare possession of the animals without the required license and permit was insufficient to establish any right to a pre-seizure hearing with notice and a right to be heard. The circuit court ruling that the respondent was entitled to possess the wild animals simply because he had been denied adequate notice and an opportunity to be heard was erroneous.
Certiorari granted.
GERSTEN, J., concurs.
COPE, Judge (specially concurring).
I concur in the granting of certiorari. The position set forth in the majority opinion is, however, contrary to settled constitutional principles. I join in the granting of certiorari solely for the following reasons.
Respondent John Butler purchased one alligator and found another in the wild. He kept both animals at his home. At some point he found out that a license is required for any person to possess an alligator. See §§ 39-6.0011, -25.002, Fla. Admin. Code. He submitted an application to the Florida Game and Fresh Water Fish Commission.
In response two wildlife officers visited Butler's home. Upon verifying that the animals were alligators, the officers cited Butler for violating section 372.83, Florida Statutes (1989), a misdemeanor. The alligators were seized. Eventually the charges against Butler were dismissed for want of prosecution. Butler then moved for return of the alligators to him.
The county court conducted two hearings on Butler's motion. On the merits, the county court found that Butler did not have a permit for possession of the alligators and denied the motion. On review, the appellate division of the circuit court reversed the county court order. The appellate division concluded that Butler's due process rights had been violated. The appellate division apparently reasoned that there should have been an adversary hearing prior to seizure of the alligators. The State then petitioned this court for a writ of certiorari.
It is well established that "due process forbids the government from taking any property without notice and an opportunity to be heard unless the facts pose an extraordinary situation to justify postponing notice and hearing until after the seizure... ." Department of Law Enforcement v. Real Property, 588 So.2d 957, 963 (Fla. 1991), citing, inter alia, Fuentes v. Shevin, 407 U.S. 67, 91-92, 92 S.Ct. 1983, 1999-2000, 32 L.Ed.2d 556, 576 (1972). Moreover, "temporary or partial impairments to property rights are sufficient to merit due process protection." Department of Law Enforcement v. Real Property, 588 So.2d at 964; Connecticut v. Doehr, ___ U.S. ___, 111 S.Ct. 2105, 2113, 115 L.Ed.2d 1 (1991). It is also well settled that "[t]he right to be heard does not depend upon an advance showing that one *1394 will surely prevail at the hearing. "To one who protests against the taking of his property without due process of law, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" Fuentes v. Shevin, 407 U.S. at 87, 92 S.Ct. at 1997, 32 L.Ed.2d at 574 (footnote omitted; citation omitted).
The initial question is whether, as the appellate division thought, Butler was entitled to an adversary hearing prior to the initial seizure of the alligators. He was not. While in nonexigent circumstances the adversary hearing must precede the deprivation of property, the authorities cited above all recognize that in extraordinary situations notice and hearing may be postponed until after the seizure. E.g., Department of Law Enforcement v. Real Property, 588 So.2d at 962-64. One such specifically recognized situation is where property is seized while making an arrest. Id. at 965-67.
In the present case the law enforcement officers made an arrest for violation of section 372.83, Florida Statutes (1989), for possession of the two alligators without a permit. Violation of the statute is a misdemeanor. The wildlife officers were authorized to seize the alligators at that time, without holding a prior adversary hearing.[1]
The next question is whether there was a due process violation in connection with post-seizure proceedings. Where, as here, circumstances permit an immediate seizure, there is a corollary obligation to afford the opportunity for a prompt post-seizure hearing. Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978). The Florida Supreme Court has made clear that there does not have to be an automatic post-seizure hearing, but only the opportunity for a prompt post-seizure hearing at the request of the injured party. Id. at 313. The Court said:
[i]n Ray Lein Construction,[[2]] Phillips,[[3]] and Unique Caterers[[4]] we intimated that due process "requires" an immediate post-seizure hearing if there is no opportunity for a hearing before the taking. The Mitchell[[5]] decision does not require such a hearing; it merely requires an opportunity for a hearing at the request of the injured party immediately after a seizure. To the extent that our previous decisions suggest that a seizure statute violates due process unless a post-seizure hearing is "required", we recede from that position and declare that due process only requires an opportunity for a prompt post-seizure hearing.
Id. at 313.
In the present case, after the charges against Butler were dismissed, Butler filed a motion for return of the alligators. The county court conducted two hearings and ruled against Butler on the merits. This constituted the post-seizure hearing to which Butler was entitled under the due process clause.[6]
The State argues that Butler had no constitutionally protected interest which would *1395 trigger any rights under the due process clause. The State points out that "[a]ll wild animal life within the jurisdiction of the State of Florida is the property of the state... ." § 39-1.002, Fla. Admin. Code. While that is a correct recitation of the administrative rule, it does not oust Butler of his due process rights. Title is one thing; the right to present possession is a different thing. Although the Rule vests title in the State of Florida, the regulations allow at least some private possession of wildlife.
As stated above, "[t]he right to be heard does not depend upon an advance showing that one will surely prevail at the hearing." Fuentes v. Shevin, 407 U.S. at 87, 92 S.Ct. at 1997, 32 L.Ed.2d at 574. It is all very well for the State to assert that Butler's position is without merit, but it is the function of the judge, not the State, to render a judgment on the merits before Butler is finally deprived of his right to possession of the property.
Butler was in possession of the two animals at issue here. He has argued that the Game and Fresh Water Fish Commission regulations only reach possession for commercial purposes, not purely private possession; that one of the alligators was not definitionally within the regulations; and that he should be permitted to keep the animals pending processing of his application for a permit.[7] Butler was entitled to assert, and have a judicial determination of, his arguments that he was legally entitled to possession of the animals. Possessory rights falling short of fee simple title are entitled to due process protection. See Connecticut v. Doehr, 111 S.Ct. at 2113; Department of Law Enforcement v. Real Property, ___ So.2d at ___.
In my view the appellate division was correct in concluding that Butler was entitled to the protection of the due process clauses of the federal and state constitutions. The appellate division erred, however, in concluding that Butler was entitled to a pre-seizure hearing and in ordering return of the property to Butler. For the reasons stated I agree that the petition for writ of certiorari must be granted.
NOTES
[1] Section 39-25.002(1), Fla. Admin. Code, sets forth the general provisions for the taking, possession, and sale of reptiles, and provides:

No person shall buy, sell, take or possess any alligator, crocodile, or any part thereof, or the nests or eggs of any alligator or crocodile except under permit from the executive director or as otherwise provided by these rules.
Section 39-6.011(1) is entitled "Possession of Wildlife in Captivity; Permit Requirements", and states: "Except as otherwise provided in this title, no person shall possess any native or non-native wildlife in captivity except as authorized by permit... ."
[2] Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which invalidated Florida's prejudgment replevin statute for its failure to provide a hearing prior to the seizure of chattel from its possessor, is distinguishable because there the court found "[c]learly, their possessory interest in the goods, dearly bought and protected by contract, was sufficient to invoke the protection of the Due Process Clause." 407 U.S. at 87, 92 S.Ct. at 1997, 32 L.Ed.2d at 573. No property rights exist in per se contraband, the mere possession of which constitutes a crime. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965); § 933.14, Fla. Stat. (1989).

It is unnecessary to reach the question of an entitlement to a post-seizure hearing for three reasons: (1) it was not raised by the petitioner and was not a basis for the circuit court's decision, (2) there were no other exigent circumstances to warrant a hearing such as a pendency of related criminal charges, compare State v. Laiser, 322 So.2d 490 (Fla. 1975), and (3) there was a post-seizure hearing where the county court found that the petitioner did not have a permit to possess the alligator.
[3] Our conclusion on the constitutional claim does not dispose of the case to a finality. The respondent may still pursue the issuance of a permit. There has not been a formal ruling on his application for a permit to possess the two deformed alligators.
[1] The analysis would be the same even if the officers had elected not to cite Butler for a violation of the misdemeanor statute. Under the applicable wildlife regulations, a person may lawfully possess an alligator only if he or she has obtained the necessary permit. Once it was ascertained that Butler did not have such a permit, exigent circumstances existed which permitted the immediate seizure of the alligators, so long as Butler was afforded the opportunity for a prompt post-seizure hearing. Where a person possesses wild animals (by definition portable in nature) without the required permit, exigent circumstances necessarily exist which permit immediate seizure of the animals so long as a prompt post-seizure hearing is provided.
[2] Ray Lein Constr., Inc. v. Wainwright, 346 So.2d 1029 (Fla. 1977).
[3] Phillips v. Guin & Hunt, Inc., 344 So.2d 568 (Fla. 1977).
[4] Unique Caterers, Inc. v. Rudy's Farm Co., 338 So.2d 1067 (Fla. 1976).
[5] Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
[6] The animals here involved were not subject to the Florida Contraband Forfeiture Act, §§ 932.701-.704, Fla. Stat. (1989). The sole issue presented here is whether the due process clauses of the state and federal constitutions have been violated.
[7] The trial court ruled against Butler on the merits.

Although not an issue in this case, in other circumstances there may be a dispute regarding the identification of the animal species involved, or a dispute regarding the existence or scope of a litigant's permit.