PER CURIAM.
This case involves the validity of a restitution order entered by the trial court after appellant Bernard Chalmer Sutton cut through the fence surrounding a private game preserve and shot and killed a relatively rare ten-point buck.
Sutton pled no contest to three counts, grand theft, trespassing, and injuring the fence. The trial court sentenced him to time served and probation and ordered him to pay restitution for both the fence ($1221.25) and the deer ($4000). Sutton stipulated to the award for the damaged fence; but he contested, and now appeals, having to pay restitution for the value of the deer. Sutton argues that the property owner does not have a property interest in the game on his property and has suffered no loss from his killing of the deer.
While generally a person does not have a property interest in a wild animal under the common law, there are exceptions in Florida law. For example, the legislature has made an exception for animals on private game preserves. Section 379.302(2), Florida Statutes, provides, in pertinent part:
All private game preserves or farms established under the provisions of this section shall be fenced in such manner that domestic game thereon may not escape and wild game on surrounding lands may not enter and shall be subject at any time to inspection by the Fish and Wildlife Conservation Commission, or its conservation officers. Such private preserve or farm shall be equipped and operated in such manner as to provide sufficient food and humane treatment for the game kept thereon. Game reared or produced on private game preserves and farms shall be considered domestic game and private property and may be sold or disposed of as such and shall be the subject of larceny.
§ 379.302(2), Fla. Stat. (emphasis added).
Courts in Florida likewise have recognized circumstances in which may acquire a property interest in wild animals. In State v. Lee, for example, the Florida Supreme Court focused on the relative liberty of animals:
The wild animals at large within the border of a sovereign State are owned by the State as distinguished from its proprietary capacity. These wild animals are not subject to private ownership so long as they remain wild and unconfined, but such animals become property when removed from their natural liberty and made the subject of man’s dominion. It will be observed that animals ferae naturae become property, and entitled to protection as such, when the owner has them in his actual possession, custody or control and usually this is accomplished by taming, domesticating or confining them.
41 So.2d 662, 663 (Fla.1949). See also Tomblin v. State, 616 So.2d 1209, 1211 n. 3 (Fla. 2d DCA 1993) (recognizing that while generally deer are considered wild animals, those raised on “deer ranches” may qualify as domesticated animals).
This case involves the killing of a ten-point buck on a licensed, private game reserve. The property was enclosed by an eight-foot fence and the owner supplied the animals with thousands of pounds of deer chow each year. Sutton only accessed the property by destroying a section of the fence, or these reasons, we find no error in the trial court’s decision to order restitution for Sutton’s killing of the *455 deer on the grounds of the private game reserve.
The State concedes, however, that the value of the restitution ordered by the trial court was based on improper hearsay evidence and that we should remand for a new restitution hearing to establish' the value of the poached deer.
Accordingly, we REVERSE the restitution insofar as it orders appellant to pay $4000 as restitution for the deer and REMAND for a new hearing to determine the amount of restitution to be paid for the deer. In all other respects the restitution order is AFFIRMED.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ., concur.